IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.: 2:19CR00087-001 |
| | ) | |
| MIKEL MANTHEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**POSITION OF DEFENDANT MIKEL MANTHEY, JR.
WITH RESPECT TO SENTENCING FACTORS**

NOW COMES the Defendant, Mikel Manthey, Jr., by and through counsel, Jon M. Babineau, Esquire, pursuant to Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u>, and adopts the findings in the Presentence Investigation Report dated November 8, 2019, and the Revised Presentence Investigation Report dated November 27, 2019, with the following exceptions:

1. The Defendant objects to the loss amount in paragraph 14 on page 9. The Defendant has not been given full credit for goods and services delivered pursuant to the Veteran Logistics contract and otherwise. See "Exhibit A" attached.

2. Further, with regard to the loss calculation, the defendant provides the following information:

   a. Total Purchase Orders with Veteran Logistics:   $1,434,701.50

   b. Total Purchase Orders Delivered Pursuant to the Contract:   $409,787.00
      (Includes Skyfusion Orders Delivered Pursuant to the
      Contract in the amount of $248,601.00)

   c. Total GLGS and TPRS Product Purchases:   $590,500.00
      (Not Delivered)

    d.  Total Purchase Orders Delivered After 2015:    $220,230.19

    e.  Money retained and not utilized for purchases:    $214,184.31

Executed delivery receipts will be provided as Exhibits at the Sentencing Hearing.

3. The Defendant has maintained $500,000.00 in a separate bank deposit account until resolution of his sentencing hearing.

## 18 U.S.C. § 3553(a) Sentencing Factors

In consideration of the other arguments the Defendant may make at sentencing, the Court should specifically consider the need to avoid unwarranted sentence disparities among defendants who have been found guilty of similar conduct. In doing so, the defendant would bring the Court's attention to the following similarly situated individuals; Jeffrey Harrington, Michael Mayer, Kimberlee Hewitt and Natalee Hewitt who were all prosecuted in the Southern District of California, Criminal Case Number 17CR0488-GPC. Clayton Pressley, III and Randolph M. Prince were prosecuted in the Eastern District of Virginia, Criminal Case Numbers 2:17CR00152-001 and 2:18CR0016-001.

    a.  Jeffrey Harrington and Michael Mayer were the owners of Veteran Logistics and were each sentenced to fifteen (15) months in the Bureau of Prisons, One Million Six Hundred Thousand Dollars ($1,600,000.00) joint and several forfeiture, Ten Thousand Dollars ($10,000.00) each in fines and no restitution. Plea Documents from the Southern District of California will be provided at the Sentencing Hearing.

    b.  Kimberlee Hewitt and Natalee Hewitt were employees of Veteran Logistics and were the sales representatives overseeing the transactions involving the

Defendant.  Each of the Hewitts were sentenced to a period of straight probation, One Hundred Thousand Dollars ($100,000.00) each in forfeiture, no restitution and no fine. Plea Documents from the Southern District of California will be provided at the Sentencing Hearing.

      c.     Clayton Pressley, III's and Randolph M. Prince's sentences are outlined in the Presentence Investigation Report, paragraphs 10 and 11 on page 4.  Neither Pressley nor Prince were prosecuted for the conduct for which the Defendant pled guilty, even though they were the principal parties to the same, thus negating any contribution from them to the financial losses that the Government now seeks to impose solely on the Defendant.

      WHEREFORE, the Defendant, Mikel Manthey, Jr., would request that this Court conduct an evidentiary hearing to determine the validity of the objections noted herein to the Presentence Investigation Report, and based upon the sentencing factors the Court shall consider as set forth in 18 U.S.C. § 3553(a), particularly the unwarranted disparity in sentencing, the Defendant would ask the Court to impose a sentence of probation.

      Respectfully submitted,

      MIKEL MANTHEY, JR.

      By: _____/s/_____
Jon M. Babineau, Esq.
Virginia Bar Number: 27461
Attorney for Defendant Mikel Manthey, Jr.
JON M. BABINEAU, PC
109 East Main Street, Suite 413
Norfolk, Virginia 23510
Phone:  (757) 622-8631
Fax:  (757) 226-0621
jon@babineaulaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 3rd day of February, 2020, I electronically filed the foregoing Position of Defendant with Respect to Sentencing Factors with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

  David A. Layne, SAUSA
  United States Attorney's Office
  101 W. Main Street, Suite 8000
  Norfolk, Virginia 23510
  (757) 441-3221
  Email: david.layne@usdoj.gov

  Matthew Heck, SAUSA
  United States Attorney's Office
  101 W. Main Street, Suite 8000
  Norfolk, Virginia 23510
  (757) 441-6331
  Email: matthew.heck@usdoj.gov

With a true copy of the foregoing being emailed to:

  Karen R. Franklin
  Senior United States Probation Officer
  827 Diligence Drive, Suite 210
  Newport News, Virginia 23606
  (757) 223-4673
  Karen_Franklin@vaep.uscourts.gov

BY: _____/s/_____
Jon M. Babineau, Esq.
Virginia Bar Number: 27461
Attorney for Defendant Mikel Manthey, Jr.
JON M. BABINEAU, PC
109 East Main Street, Suite 413
Norfolk, Virginia 23510
Phone: (757) 622-8631
Fax: (757) 226-0621
jon@babineaulaw.com